Filed 4/10/25  P. v. Canedos CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B336286 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA036037) |
| v. | |
| MICHAEL REYES CANEDOS, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Hayden A. Zacky, Judge.  Reversed and remanded with directions.

Brian C. McComas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Taylor Nguyen and Herbert S. Tetef, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Michael Reyes Canedos appeals the superior court's order denying his request for a full resentencing under Senate Bill No. 483 (2021-2022 Reg. Sess., Stats. 2021, ch. 728, § 3) (SB 483), codified as Penal Code section 1172.75 (formerly section 1171.1).[1] The court struck Canedos's two prior prison term enhancements under section 667.5, former subdivision (b), but declined to fully resentence him, ruling section 1172.75's full resentencing requirement did not apply to Canedos because his enhancements were stayed. We reverse and remand for a full resentencing in accordance with section 1172.75, subdivision (d).

## PROCEDURAL BACKGROUND[2]

In 2001, a jury convicted Canedos of nine counts of robbery (§ 211, counts 1-6, 8-10), seven counts of assault with a firearm (§ 245, subd. (a)(2), counts 7, 17-19, 21, 23, and 26), and nine counts of false imprisonment (§ 236, counts 11-16, 22, and 24-25). The jury also found true several firearm allegations (§§ 12022.5, subd. (a)(1), 12022.53, subd. (b)).

In a bifurcated proceeding, the trial court found that Canedos had two prior serious felony convictions within the meaning of section 667, subdivision (a)(1), which also qualified him for sentencing under the "Three Strikes" law (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)). In addition, the court found he

---

[1] All further statutory references are to the Penal Code. Effective January 1, 2022, section 1171.1 was renumbered to section 1172.75 with no change in text. (Assem. Bill No. 200 (2021-2022 Reg. Sess., Stats. 2022, ch. 58, § 12).)

[2] We do not recite the facts of the case because they are not relevant to the issue before us.

2

had served two separate prison terms, within the meaning of section 667.5, former subdivision (b).

The trial court sentenced Canedos to 25 years to life on all counts, with the terms for counts 1, 6, 9, and 10 each to be served consecutively.  Concurrent sentences were imposed for counts 2-5, 8, 16, 21, 24, and 25, and the sentences on the remaining counts were stayed.  For the gun enhancements under section 12022.53, subdivision (b), the court imposed 10-year terms for counts 1, 6, 9, and 10, each to be served consecutively.  The remaining gun enhancements were stayed or attached as concurrent terms.  The court also sentenced Canedos to two five-year prior serious felony terms under section 667, subdivision (a), and stayed the sentences for the two one-year section 667.5, former subdivision (b), prior prison terms.  In total, Canedos was sentenced to an aggregate term of 100 years to life plus a determinate term of 50 years.  We affirmed the judgment on June 12, 2002.  (*People v. Canedos* (June 12, 2002, B151916) [nonpub. opn.].)

In 2021, the Legislature invalidated all section 667.5, subdivision (b), prior prison term enhancements that were imposed prior to January 1, 2020, and did not arise from convictions for sexually violent offenses.  The Legislature enacted section 1172.75, which provides a procedure for resentencing inmates serving terms that include those now-invalid enhancements.  (§ 1172.75, subd. (a).)

In 2023, the superior court scheduled Canedos's case for a hearing under section 1172.75 and appointed counsel for Canedos.  At the December 5, 2023 hearing (at which Canedos was not present), the court struck Canedos's section 667.5, subdivision (b), enhancements.  However, citing *People v.*

*Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), the court declined Canedos's request to conduct a full resentencing because his enhancements under section 667.5, subdivision (b), were imposed and stayed.

Canedos timely appealed.

## DISCUSSION

A.    *Section 1172.75*

Effective January 1, 2022 SB 483 added section 1172.75 to the Penal Code.  (*People v. Christianson* (2023) 97 Cal.App.5th 300, 310, review granted Feb. 21, 2024, S283189 (*Christianson*).) Section 1172.75 provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).)

Section 1172.75, subdivision (b), instructs the California Department of Corrections and Rehabilitation or county correctional administrator to " 'identify those persons in [its] custody currently serving a term . . . that includes an enhancement' " for a prior prison term under section 667.5, subdivision (b), and " 'provide the name of each [such] person . . . to the sentencing court that imposed the enhancement.' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 310, review granted, quoting § 1172.75, subd. (b).)  The sentencing court "shall review the judgment" and verify that the judgment includes a prior prison term enhancement.  (§ 1172.75, subd. (c).)  "If the court determines that the current judgment includes [such] an enhancement . . . the court shall recall the sentence and resentence the defendant."  (*Ibid.*; see *Christianson*, at p. 310.)

4

Section 1172.75 outlines "specific instructions" for resentencing. (*People v. Carter* (2023) 97 Cal.App.5th 960, 966.) "First, the resentencing 'shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. . . .' [Citation.] Second, the trial court 'shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' (§ 1172.75, subd. (d)(2).) Third, the court 'may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.' [Citation.] Fourth, '[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that . . . have been stipulated to by the defendant, or have been found true beyond a reasonable doubt . . . .' [Citation.] Finally, the court 'shall appoint counsel' for the resentencing." (*Carter*, at pp. 966-967; accord, *People v. Garcia* (2024) 101 Cal.App.5th 848, 855-856, fn. 12; *People v. Monroe* (2022) 85 Cal.App.5th 393, 399.) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*Monroe*, at p. 402; accord, *Garcia*, at p. 855.)

5

B.	*Canedos Was Entitled to a Full Resentencing*

Canedos argues the superior court erred in ruling that, because his enhancements were stayed, he was not entitled to a full resentencing under section 1172.75.  The People disagree, arguing the resentencing provisions of section 1172.75 apply only to defendants whose prior prison term enhancements were imposed and executed.  Following our de novo review of this issue of statutory interpretation (*People v. Lewis* (2021) 11 Cal.5th 952, 961), we agree with Canedos.

The majority of published decisions on this issue have held section 1172.75 applies to all enhancements imposed under section 667.5, subdivision (b), whether executed or stayed.  (See *People v. Bravo* (2025) 107 Cal.App.5th 1144 (*Bravo*); *People v. Mayberry* (2024) 102 Cal.App.5th 665, review granted Aug. 14, 2024, S285853 (*Mayberry*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted Mar. 12, 2024, S283547 (*Saldana*); *Christianson, supra*, 97 Cal.App.5th 300, review granted; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282-1283 (*Renteria*); see also *People v. Espino* (2024) 104 Cal.App.5th 188, review granted Oct. 23, 2024, S286987 (*Espino*) [section 1172.75 applies to prior prison term enhancements that were imposed and punishment stricken].)  However, the People urge us to follow *Rhodius, supra*, 97 Cal.App.5th 38, review granted, in which Division Two of the Fourth District Court of Appeal concluded section 1172.75 resentencing relief applies only if the now-invalid section 667.5 enhancement was imposed and executed, not imposed and stayed.  (*Rhodius*, at pp. 46-49.)  Our Supreme Court has granted review to resolve the issue.  In the meantime, as the *Espino* court stated, "We see no good reason to

6

reject the weight of authority interpreting section 1172.75." (*Espino*, at p. 196.)

Section 1172.75 requires the court to provide a full resentencing hearing to any defendant currently serving time in prison on a judgment that includes "[a]ny sentencing enhancement that was *imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5," except for convictions for a sexually violent offense. (§ 1172.75, subd. (a), italics added.) In interpreting section 1172.75, courts have focused primarily on the meaning of the term "imposed" under subdivision (a). (See, e.g., *Renteria*, *supra*, 96 Cal.App.5th at p. 1282; *Rhodius*, *supra*, 97 Cal.App.5th at p. 43, review granted; *Christianson*, *supra*, 97 Cal.App.5th at p. 305, review granted.) In *Rhodius*, the court construed the term "imposed" to mean "imposed and executed." (*Rhodius*, at p. 44.) It did so to make sense of the requirement in section 1172.75, subdivision (d)(1), that resentencing must result in "a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement." (*Rhodius*, at pp. 42-45.) It reasoned that "[t]he only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed." (*Id.* at p. 44.) If section 1172.75 applied to *stayed* prior prison term enhancements, the *Rhodius* court concluded, a resentencing court faced with such an enhancement would be forced to "arbitrarily lower" the defendant's sentence to comply with the "lesser sentence" requirement. (*Rhodius*, at p. 44.) To avoid that scenario, *Rhodius* held that section 1172.75 must be construed to apply only to prior prison term enhancements that were imposed and executed, not imposed and stayed. (*Rhodius*, at p. 44.)

Since *Rhodius*, multiple appellate courts have considered its reasoning and rejected it.  (See *Bravo, supra,* 107 Cal.App.5th at p. 1154; *Espino, supra,* 104 Cal.App.5th at p. 197, review granted; *Mayberry, supra,* 102 Cal.App.5th at pp. 673-676, review granted; *Saldana, supra,* 97 Cal.App.5th at p. 1278, review granted; *Christianson, supra,* 97 Cal.App.5th at p. 312, review granted.)  As explained in *Mayberry*, "imposed-but-stayed prior prison term enhancements carry the possibility of execution. . . . If 'imposed' in subdivision (a) of section 1172.75 is read to include stayed prior prison term enhancements, then striking them now as invalid eliminates their impact from the 'originally imposed' sentence referred to in section 1172.75, subdivision (d)(1) resulting in a 'lesser sentence than the one originally imposed.' "  (*Mayberry*, at pp. 674-675; see *Christianson*, at p. 312 ["When a punishment is stayed, as opposed to stricken, the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated.  [Citation.]  Thus, a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential."].)

The People argue *Saldana*, *Christianson*, and *Renteria* were "incorrectly decided and should not be followed."  We are not persuaded by the People's arguments.  The People specifically contend that *Christianson* was incorrectly decided because it relied in part on *People v. Brewer* (2014) 225 Cal.App.4th 98 (*Brewer*) and *People v. Jones* (1993) 5 Cal.4th 1142 (*Jones*).  According to the People, *Brewer* and *Jones* discuss "other provisions of law" and did not consider "the Legislature's use of

8

the term 'imposed' in section 667.5, subdivision (b)." To the extent the People argue that neither *Brewer* nor *Jones* considered the meaning of the term "imposed" in section 1172.75, the resentencing statute before us, we agree. But *Christianson* relied on *Brewer* and *Jones* for the propositions that a section 667.5, subdivision (b), enhancement may be stayed under certain circumstances and a "stay preserves the possibility of imposition." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 312, 315-316, review granted.) The People do not dispute these propositions. Thus, we do not see how the *Christianson* court's reliance on *Brewer* or *Jones* is problematic.

The People also argue that *Renteria* is flawed because of its reliance on *People v. Gonzalez* (2008) 43 Cal.4th 1118, which held the term "imposed" means "imposed and executed." (*Id.* at p. 1126.) However, as explained in *Saldana*, "*Gonzalez* is not on point here." (*Saldana*, *supra*, 97 Cal.App.5th at p. 1277, review granted.) *Gonzalez* interpreted the word "imposed" as it appears in "contradictory subdivisions of section 12022.53, dealing with gun enhancements. Our high court decided that the use of 'imposed' within one of the subdivisions was in fact shorthand for 'imposed and executed' as to that particular statutory scheme, construed as such in order to harmonize the obvious conflict between section 12022.53, subdivisions (f) and (h), one of which *limited "imposition"* of certain multiple enhancements and one of which *precluded their striking.* [Citation.] This is not a situation where any statutory subdivisions contradict one another such that resolution of any perceived 'ambiguity' is required." (*Saldana*, at p. 1277.)

Pending resolution by our Supreme Court of the split among the appellate courts on this issue, we conclude that *Bravo*,

9

*Mayberry*, *Saldana*, *Christianson*, and *Renteria* persuasively support applying section 1172.75 to all imposed prior prison term enhancements, regardless of whether the enhancements were stayed or executed.  Accordingly, the superior court erred in not conducting a full resentencing under section 1172.75.

## DISPOSITION

The order denying Canedos's request for a full resentencing is reversed.  The trial court is directed to vacate its order and resentence Canedos in accordance with section 1172.75, subdivision (d), and to afford Canedos the opportunity to be present for the resentencing hearing.


STONE, J.

We concur:


MARTINEZ, P. J.


FEUER, J.


10